UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adriana M.Y.M.,<br><br>           Petitioner,<br><br>v.<br><br>David Easterwood, *in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Todd M. Lyons, *in his official capacity as Director of Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of Homeland Security*; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement,<br><br>           Respondents. | Civ. No. 26-213 (JWB/JFD)<br><br>**ORDER<br>HOLDING RESPONDENTS'<br>MOTION TO DISMISS IN<br>ABEYANCE AND ORDERING<br>SUPPLEMENTAL BRIEFING** |

      Respondents move to dismiss this habeas petition or, in the alternative, to transfer it to the Western District of Texas based on Petitioner's transfer to Texas shortly before the petition was filed. (Doc. No. 4.) Ruling on that motion is deferred.

## BACKGROUND

      Petitioner was apprehended in Minnesota by federal immigration officers and immediately placed into immigration detention. The habeas petition challenges the legality of that detention. Shortly after apprehension—on an accelerated timeline that has become increasingly common in recent weeks in this District—Petitioner was transferred to a detention facility in El Paso, Texas.

Before Respondents filed their motion, an order issued prohibiting Petitioner's transfer or removal pending further proceedings. (Doc. No. 3.) Petitioner was nevertheless transferred out of the District of Minnesota. The present record does not establish, with sworn clarity, whether the transfer occurred before or after entry of the non-transfer order. Respondents control the records bearing on that question, and no declaration addressing timing has yet been submitted.

## DISCUSSION

### I.   Habeas Jurisdiction

Respondents' motion rests on the premise that jurisdiction depends exclusively on Petitioner's physical location at the time the habeas petition was filed. That premise is incomplete.

When a noncitizen is apprehended within this District and immediately placed into immigration custody, habeas jurisdiction attaches based on that custody and the legality of the detention arising from it. Jurisdiction does not turn solely on a unilateral, post-apprehension decision by the Government to transport the detainee elsewhere. Nor may Executive transfer decisions determine the forum for judicial review of detention initiated in Minnesota.

Venue transfer under 28 U.S.C. § 1406(a) does not resolve this antecedent question. Venue analysis cannot be divorced from whether jurisdiction attached here based on custody initiated in this District and whether Respondents remain the relevant custodians for habeas purposes notwithstanding transfer.

Accepting Respondents' position as dispositive would permit Executive Branch

2

logistics—particularly rapid transfers undertaken before a petitioner or their counsel can reasonably seek relief—to control whether and where habeas review may occur. That issue requires careful consideration on a developed record.

## II.     Effect of the Non-Transfer Order and Timing Uncertainty

The non-transfer order (Doc. No. 3) issued to preserve jurisdiction and ensure meaningful judicial review. Petitioner's transfer notwithstanding that order raises compliance concerns.

No findings are made at this stage as to whether the transfer occurred before or after entry of the non-transfer order. But uncertainty on that point does not resolve the jurisdictional analysis. Internal dissemination delays or operational speed do not, standing alone, excuse noncompliance with judicial orders or defeat jurisdiction arising from custody initiated here.

In any event, minute-by-minute timing is not dispositive. Whether the transfer occurred shortly before or shortly after entry of the order, the detention and transfer challenged in this action arise from a single course of conduct initiated in Minnesota. Jurisdiction does not dissipate because the Government acts quickly.

## III.    Next Steps

Before addressing dismissal or transfer, focused briefing is required on the jurisdictional issues presented.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Respondents' Motion to Dismiss or Transfer (Doc. No. 4) is **HELD IN**

**ABEYANCE**.

2. Respondents shall file a supplemental memorandum, not to exceed 15 pages, addressing:

    a. Whether habeas jurisdiction that would ordinarily attach upon the filing of a petition may be defeated by Respondents' unilateral post-apprehension transfer of a noncitizen before counsel can reasonably be obtained or a petition filed;

    b. Whether Respondents' position would allow the Government, through post-apprehension transfer based on asserted detention-capacity constraints, to determine the forum for habeas review, and if not, why not;

    c. Who the proper custodian is for habeas purposes where Respondents initiated the apprehension, directed the transfer, and retain authority to return or release the detainee;

    d. Whether venue transfer under 28 U.S.C. § 1406(a) is appropriate where the asserted jurisdictional defect arises solely from Respondents' own transfer decision; and

    e. The precise timing of Petitioner's transfer relative to entry of the non-transfer order, supported by sworn declarations and contemporaneous records.

3. Petitioner may file a response, not to exceed 15 pages, addressing the same issues.

4. Respondents shall file the supplemental memorandum within three days of this Order. Petitioner's response, if any, shall be filed within three days after Respondents' filing.

5. Pending resolution of these issues, Respondents shall take no further action to remove Petitioner from the United States and shall maintain Petitioner in custody at her present location absent further order.

5

      Noting in this Order resolves the merits of the habeas petition or forecloses the possibility that transfer may ultimately be appropriate. The purpose of this Order is to ensure that the jurisdictional question is addressed on a complete and accurate legal record and that judicial review is not foreclosed by Executive Branch logistics or affected by improper forum shopping.

Date: January 15, 2026
                                *s/ Jerry W. Blackwell*
                                JERRY W. BLACKWELL
                                United States District Judge