# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Adriana M.Y.M.,

Petitioner,

v.

David Easterwood, *in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Todd M. Lyons, *in his official capacity as Director of Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of Homeland Security*; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement,

Respondents.

Civ. No. 26-213 (JWB/JFD)

**ORDER ON
MOTION FOR
EAJA FEES**

---

Having prevailed in this matter, Petitioner Adriana M.Y.M. seeks to recover $18,643.97 in costs and attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 17.) Respondents oppose any award or, alternatively, seek a reduction in the requested costs and fees. (Doc. No. 24.) For the following reasons, Petitioner's request is granted at a reduced amount.

## BACKGROUND

The January 24, 2026 order granting habeas relief sets out the facts in detail. In brief, Petitioner was arrested in Minnesota as she arrived at work on the morning of January 12, 2026, and flown to a detention facility in Texas hours later. (Doc. No. 12 at 3.) Her attorney then attempted to locate her through Respondents' online tracking

system but could not confirm her location before filing the habeas petition in Minnesota that evening. (*Id.*) Approximately ninety minutes after filing, the system reflected that Petitioner was detained in Texas. (*Id.*)

Respondents moved to dismiss or transfer the matter, claiming this Court lacked jurisdiction given Petitioner's detention in Texas. (Doc. No. 4.) The parties were then ordered to file additional briefing on the issue. (Doc. Nos. 6, 8–11.) The habeas petition was ultimately granted, and Respondents were ordered to return Petitioner to Minnesota for release. (Doc. No. 12 at 10.)

## DISCUSSION

### I.    Legal Standard

The EAJA requires a prevailing party to be awarded fees unless the Government shows its position was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012). The Government's "position" includes both its positions taken in the litigation and the underlying government agency conduct that led to the action. *See* 28 U.S.C. § 2412(d)(2)(D).

"Substantially justified" means justified to a degree that could satisfy a reasonable person. *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 683–84 (quoting *Pierce*, 487 U.S. at 566 n.2).

Demonstrating a reasonable basis in law and a reasonable basis in fact are distinct

2

requirements. It is the Government's burden to show both, based on the record in the case. *See Hurt*, 676 F.3d at 652; *see also* 28 U.S.C. § 2412(d)(1)(B) (substantial justification must be determined on the record made in the civil action). A failure to explain the conduct giving rise to the action is therefore a failure of proof by the Government. *See, e.g.*, *Salazar v. Noem*, No. 8:26-CV-44, 2026 WL 594606, at *1–2 (D. Neb. Mar. 3, 2026) (reasoning that Respondents failed to justify the underlying conduct that led to the habeas action).

## II.    Analysis

### A.    Basis in Law

Respondents contend that their position was substantially justified because the statutory question underlying Petitioner's detention—whether 8 U.S.C. § 1225 authorized detention—was unsettled at the time and had recently been resolved in their favor by the Fifth Circuit.

While that is correct, it is also incomplete. After Respondents filed their response to Petitioner's EAJA motion, the Eighth Circuit agreed with Respondents that 8 U.S.C. § 1225(b)(2) imposes mandatory detention for "applicants for admission." *Avila v. Bondi*, 170 F.4th 1128, 1134–36, 1138 (8th Cir. 2026).

But *Avila* addressed only the scope of statutory authority under Respondents' reading of § 1225. It did not examine how that authority was exercised in any individual case, including the timing, location, or manner of detention. Thus, the reasonableness of Respondents' statutory interpretation argument only addresses the legal component of the EAJA inquiry. It does not address or resolve the factual component.

**B.      Basis in Fact**

The remaining question is whether Respondents have shown that the agency conduct that led to this habeas action had a reasonable basis in fact. They have not done so here.

Respondents offer no explanation—beyond their statutory interpretation—for the material aspects of the agency conduct that gave rise to this action or for the delays and inconsistencies that followed. They do not identify a specific rationale or factual basis from the record for the decision to detain Petitioner, for transferring her out of state in a manner that created uncertainty about her location at the time of filing, or for the failures in tracking and communication that prevented counsel from determining her whereabouts. Nor do they account for the circumstances surrounding the delay in complying with the release order. Without more, a showing that § 1225 authorizes detention does not establish that the particular use of that authority in this case had a reasonable basis in fact.

Because Respondents bear the burden, the failure to identify a factual basis in the record for the underlying agency conduct is dispositive, even accepting that their interpretation of § 1225 had a reasonable basis in law. An award under the EAJA therefore follows. No special circumstances make an award unjust here.

**C.      Reasonableness of Fees**

Respondents argue that any award to Petitioner should be reduced because additional jurisdictional briefing would not have been necessary if the case had been transferred when first requested. That argument is not persuasive.

The EAJA requires assessing whether the prevailing party unduly protracted the proceedings or incurred unreasonable fees. 28 U.S.C. §§ 2412(d)(1)(C), (d)(2)(D). The additional briefing ordered here flowed from the circumstances created by Respondents' rapid transfer of Petitioner and the uncertainty regarding her location. The litigation choices made in response were reasonable, and the resulting fees therefore are not excessive, redundant, or unnecessary.

The EAJA sets a presumptive rate of $125 per hour, which may be adjusted for increases in the cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments are appropriate where supported by the record. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Petitioner's requested base rate of $261.12 per hour reasonably reflects inflation since the statutory cap was set in 1996 and is consistent with adjustments for the cost of living that are commonly awarded in this Circuit. That adjustment is appropriate.

Petitioner also multiplies her requested base rate by two based on urgency, volume of cases, and the demands placed on counsel. But those considerations are not the type of "special factor" that justifies an enhancement beyond the adjusted rate. *See Pierce*, 487 U.S. at 571–73. Accordingly, the adjusted hourly rate will be applied without a multiplier.

The submitted billing records reflect time reasonably expended under pressing circumstances. There is no indication of excessive, redundant, or unnecessary work. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Even with the multiplier, the requested amount of $18,643.97 falls below counsel's lodestar of $20,134.50. (*See* Doc.

No. 20 at 5.) Without the multiplier, the amount falls to $9,321.99—which reflects the 35.7 hours billed by counsel at a rate of $261.12 per hour. (*See id.*) That amount is awarded to Petitioner as reasonable here.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1.      Petitioner Adriana M.Y.M.'s Motion for EAJA Fees (Doc. No. 17) is **GRANTED IN PART**.

2.      Petitioner is awarded $9,321.99 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412.

Date: June 22, 2026                          *s/ Jerry W. Blackwell*
                                             JERRY W. BLACKWELL
                                             United States District Judge

6